**Appeal No. 21-56196**

# United States Court of Appeals
# For the Ninth Circuit

ROBERT J., BUGIELSKI and CHAD SIMICEK, individually as a participant in the
AT&T RETIREMENT SAVINGS PLAN
And on behalf of a class of all those similarly situated,

*Plaintiffs-Appellants,*

- v. -

AT&T SERVICES, INC., and BENEFIT PLAN INVESTMENT COMMITTEE,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES IN CASE NO. 2:17-cv-8106-VAP-RAO VIRGINIA PHILLIPS, DISTRICT JUDGE

**PLAINTIFFS-APPELLANTS' OPPOSITION TO
THE MOTION OF THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA TO PARTICIPATE AS *AMICUS
CURAE* IN SUPPORT OF PETITIONERS**

TODD S. COLLINS
BERGER MONTAGUE PC
1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

TODD M. SCHNEIDER
JOHN J. NESTICO
JAMES A. BLOOM
SCHNEIDER WALLACE COTTRELL KONECKY, LLP
2000 POWELL STREET, SUITE 1400
EMERYVILLE, CA 94608

*ATTORNEYS FOR PLAINTIFFS-APPELLANTS*

Plaintiffs-Appellants hereby oppose the Chamber of Commerce of the United States of America's (the "Chamber") motion to participate as *amicus* in support of Defendants-Appellees AT&T Services, Inc. and AT&T Benefit Plan Investment Committee's petition for rehearing *en banc*. "The Court considers the filing of *amicus curiae* briefs related to petitions for rehearing or *en banc* review to be appropriate only when the post-disposition deliberations involve novel or particularly complex issues." Ninth Circuit Advisory Committee Notes to FRAP 29-2. Because this petition does not involve novel or complex issues for which amicus briefing would assist the Court in resolving this matter, the Chamber's motion should be denied.

The arguments made in the Chamber's proposed brief affirm the absence of any novelty or complexity. The overarching theme of the Chamber's proposed brief is that the prohibited transaction rules "were included in ERISA when it was enacted in 1974, before the advent of 401(k) plans—when defined-benefit plans predominated"[1], clearly acknowledging that service contracts with defined benefit plans were and have been subject to the prohibited transaction rules. The brief then concludes that the current predominance of 401(k) plans requires a reinterpretation of rules that have been in place for 50 years. But other than the Chamber's *ispe dixit*, it offers no justification for why service contracts with 401(k) plans, where the

---

[1] Brief at 1.

individual participant bears all the expense and investment risk of plan operation, should deserve less scrutiny and oversight than contracts with defined benefit pension plans, where the plan sponsor bears the expense and investment risk.

As for the Chamber's view that the prohibited transaction rules are old and out of touch, we note that the fiduciary obligations prescribed by the 408(b)(2) disclosure rules at issue in this case[2], which explicitly target, among other things, indirect compensation in connection with recordkeeping services for individual account plans[3], were finalized on February 3, 2012, and first effective July 1, 2012.[4] The language of the 408(b)(2) rules was actually incorporated into the statute in 2020[5] when Congress chose to make those rules apply to group health plans, which had previously been excluded from the 408(b)(2) rules. By adding the exact language of the 408(b)(2) rules to the statute for the purpose of applying those rules to group health plans, while aware of the rule's application to 401(k) plans, Congress has tacitly endorsed the application of the rule to 401(k) plans.

The brief then presents the Chamber's proposed reinterpretation of ERISA § 406(a): that the prohibited transaction rules were never "intended to prevent fiduciaries from procuring services . . . on market terms through arms'-length

---

[2] 29 C.F.R. § 2550.408b-2(c) (the "408(b)(2) Regulation").
[3] 29 C.F.R § 2550.408b-2(c)(iii)(B).
[4] Reasonable Contract or Arrangement Under Section 408(b)(2)—Fee Disclosure, 77 FR 5632.
[5] Section 202 of P.L. 116-260 (Dec. 27, 2020).

negotiations—something that does not present the types of risks that Congress was concerned about."[6] The necessary implication of this statement is that no service contract with a 401(k) plan, including the contracts at issue in this case, is subject to the prohibited transaction rules because, apparently, all service contracts with 401(k) plans are "on market terms through arms'-length negotiation." There is little disagreement that an arms'-length service contract for reasonable compensation should not be a prohibited transaction. The question for a responsible plan fiduciary is how to know whether a contract meets those conditions [rather than simply assuming that it does]. The answer is to follow the procedure of the 408(b)(2) exemption.

Regardless, that argument has no place here in the face of substantial evidence that Fidelity was collecting millions in what was in essence a kick-back to Fidelity of fees paid by Plan participants to other service providers—*i.e.*, Financial Engines and the mutual funds held through BrokerageLink's self-directed brokerage accounts.[7]

The risks alleged in the brief to emanate from the Panel's decision are dramatically overblown. For example, the Chamber claims that the failure to satisfy the obligations of the 408(b)(2) exemption could be the sole fault of the service

---

[6] Brief at 2, 6,
[7] *Bugielski v. AT&T Servs., Inc.*, 76 F.4th 894 (9th Cir. 2023); 2023 WL 4986499, at *7 (9th Cir. Aug. 4, 2023).

provider that fails to provide the required disclosures, yet still subject the plan sponsor to liability for the resulting prohibited transaction. However, the brief fails to inform the Court that the regulation provides the plan sponsor with an exemption for that very problem. *See* 29 C.F.R § 2550.408b-2(c)(1)(ix), *Exemption for Responsible Plan Fiduciary*.

Finally, the Chamber attempts to raise the specter of frivolous litigation by claiming that because prohibited transaction exemptions are treated as affirmative defenses[8], its members could be deluged with lawsuits alleging only that the defendant's plan entered into a recordkeeping agreement that is prohibited by ERISA § 406(a)(1)(C), and nothing more. Once again, that argument applies, and has applied for many years, to virtually every prohibited transaction, not just service agreements. And while it appears, remarkably, that pleading standards in ERISA cases are still evolving, *see, e.g.*, *Hughes v. Northwestern University* ("*Hughes I*"), 142 S. Ct. 737 (2002); *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022); and *Hughes v. Northwestern University*, No. 18-2569 (Mar. 23, 2023) ("*Hughes II*"), such fears are not nourished in any way by this case, which includes explicit allegations that Defendants failed to satisfy the conditions for the 408(b)(2)

---

[8] This characterization derives from the structure of the prohibited transaction rules. A fiduciary is prohibited from causing the plan to engage in certain transactions unless the conditions for an available exemption have been satisfied. Therefore, a fiduciary defends an alleged prohibited transaction by demonstrating compliance with the applicable exemption.

exemption[9] and is now long past the pleading stage, on remand following reversal of summary judgment entered below.[10]

In short, the proposed amicus brief fails to demonstrate that the post-disposition deliberations involve novel or particularly complex issues and fails to help the court beyond the help that the lawyers for the parties are able to provide.

Dated: September 15, 2023

*/s/ John J. Nestico*
TODD M. SCHNEIDER
JOHN J. NESTICO
JAMES A. BLOOM
SCHNEIDER WALLACE
COTTRELL KONECKY, LLP
2000 POWELL STREET, SUITE 1400
Emeryville, CA 94608

TODD S. COLLINS
ELLEN T. NOTEWARE
BERGER MONTAGUE PC
1818 MARKET STREET, SUITE 3600
Philadelphia, PA 19103

Eric Lechtzin (SBN 248958)
EDELSON LECHTZIN LLP
411 South State Steet, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

---

[9] ECF 81, ¶¶ 68, 105, 143.
[10] "The district court granted summary judgment in AT&T's favor." *Bugielski,* 2023 WL 4986499, at *1.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing Plaintiff-Appellant's Opposition with the Clerk of the United States Court of Appeals for the Ninth Circuit via the CM/ECF system this 15th day of September 2023 to be served on all counsel of record for in this appeal.

*/s/ John J. Nestico*
John J. Nestico